**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Martinez Aytch,  Plaintiff,  v.  Bed Bath & Beyond,  Defendant. | Case No. 2:22-cv-02016-JAD-BNW  **Order** |

Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and moved to proceed *in forma pauperis*. ECF No. 1. Plaintiff also submitted a complaint. ECF No. 1-1.

**I.    *In Forma Pauperis* Application.**

Plaintiff filed the application required by § 1915(a). ECF No. 1. Plaintiff demonstrated an inability to prepay fees and costs or to give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.   Screening**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. *Pro se* complaints are held to less stringent standards than pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**III.     Analysis**

Plaintiff alleges that Bed Bath & Beyond failed to follow Occupational Safety and Health Act (OSHA) regulations, resulting in his injuries. As explained below, Plaintiff (who is a private individual) does not have the right to assert an OSHA violation as a claim. To the extent Plaintiff would like to assert a negligence claim against Bed Bath & Beyond, he must first establish that this Court has diversity jurisdiction. As a result, this Court will dismiss the complaint with leave to amend.

**A.     There is No Private Right of Action for OSHA Violations**

OSHA requires every employer to furnish its employees with "a place of employment which [is] free from recognized hazards that are causing or are likely to cause death or serious physical harm to [its] employees." 29 U.S.C. § 654. To accomplish Congress's goal, OSHA created two remedies that permit the Secretary of Labor, "proceeding before an administrative agency, (1) to obtain abatement orders requiring employers to correct unsafe working conditions

1 and (2) to impose civil penalties on an employer maintaining any unsafe working condition."
2 *Atlas Roofing Co. v. Occupational Safety and Health Rev. Comm'n*, 430 U.S. 442, 445 (1977).

Pursuant to OSHA, "[e]mployees have been granted specific rights in the investigatory and rule-making stages of the Act, including the right to . . . request that the Secretary [of Labor] conduct a workplace inspection when employees suspect that a violation has occurred." *Donovan v. Occupational Safety and Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983); *accord Donovan v. Local 962, Int'l Chem. Workers Union*, 748 F.2d 1470 (11th Cir. 1984).

But "[n]owhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA creating a private right of action for violation of its terms." *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975); *see also Am. Fed'n of Gov't Emps., AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143–44 (D.C. Cir. 2003) (citing cases). Since OSHA does not create a private right of action, Plaintiff has not stated a cognizable claim upon which relief may be granted.

**B.  Plaintiff Must Demonstrate Subject Matter Jurisdiction If He Intends to Assert a Negligence Claim**

In addition to federal question jurisdiction, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Plaintiff asserts that he is a citizen of Nevada and that Bed Bath & Beyond is incorporated under the laws of Nevada and has its principal place of business in Nevada. Based on these facts, diversity jurisdiction does not exist.

Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. The Court cannot refer to a prior pleading or to

other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend. **If Plaintiff chooses to file an amended complaint, he must do so by January 15, 2023 or this Court will recommend that his case be dismissed.**

DATED: December 12, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE